IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KEVIN VAN HORN, | : |
| | : |
| Plaintiff, | : |
| | : |
| | : CIVIL ACTION NO. |
| v. | : |
| | : DEMAND FOR JURY TRIAL |
| SAZERAC COMPANY, INC., | : |
| SAZERAC OF INDIANA, LLC, and | : |
| SAZERAC NORTHWEST ORDINANCE | : |
| DISTILLING, | : |
| | : |
| Defendants. | |

## COMPLAINT

1.  Plaintiff Kevin Van Horn is a deaf individual with years of experience on the factory floor working distillery bottling lines. He applied for a position with Sazerac Company, Inc., Sazerac of Indiana, LLC, and Sazerac Northwest Ordinance Distilling (collectively, "Sazerac" or "Defendants"). Defendants, however, informed Van Horn that it would not hire him due to his hearing disability. Defendants' refusal to hire Van Horn or provide reasonable accommodations was clear discrimination against Van Horn on the basis of disability in violation of Title I of the Americans with Disabilities Act, 42 U.S.C. § 12111, *et seq.* Van Horn seeks declaratory relief, injunctive relief, damages, and reasonable attorneys' costs and fees.

### Jurisdiction, Parties, and Venue

2.  Van Horn is a deaf individual with years of experience working on the factory floor at a distillery. Van Horn resides in Sellersburg, Indiana.

3.  Sazerac Company, Inc. is a distiller that bottles and sells alcoholic beverages, including spirits. Sazerac has an annual revenue of approximately $1 billion. Sazerac Company, Inc. is headquartered at 101 Magazine Street, New Orleans, LA 70130. Sazerac Company, Inc.'s registered agent is C T Corporation System, 334 North Senate Avenue, Indianapolis, IN 46204.

1

4. Sazerac of Indiana, LLC is a distiller that bottles and sells alcoholic beverages, including spirits. Upon information and belief, Sazerac of Indiana, LLC is a subsidiary of Sazerac Company, Inc. Sazerac of Indiana, LLC, has its principal place of business at 707 Pillsbury Lane, New Albany, IN 47150. Sazerac of Indiana, LLC's registered agent is C T Corporation System, 334 North Senate Avenue, Indianapolis, IN 46204.

5. Sazerac Northwest Ordinance Distilling is a distiller that bottles and sells alcoholic beverages, including spirits. Upon information and belief, Sazerac Northwest Ordinance Distilling is a subsidiary of Sazerac Company, Inc. Upon information and belief, Sazerac Northwest Ordinance Distilling has its principal place of business at 707 Pillsbury Lane, New Albany, IN 47150. Upon information and belief, Sazerac Northwest Ordinance Distilling's service agent is C T Corporation System, 334 North Senate Avenue, Indianapolis, IN 46204.

6. Van Horn's claims against Defendants arise under Title I of the ADA, 42 U.S.C. §§ 12111 *et seq*. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1343(a)(4).

7. Venue is proper because the events giving rise to this lawsuit occurred within this District and Defendants are located in this District.

## **FACTS**

8. Van Horn is a deaf individual.

9. Van Horn is substantially limited in the major life activities of hearing and speaking.

10. Van Horn's primary means of communication is American Sign Language.

11. Van Horn has experience working on the factory floor for an alcohol and spirits company.

12. In early February 2022, Van Horn submitted a job application to work at the Sazerac facility Northwest Ordinance Distilling which is located in New Albany, Indiana. The job position at Sazerac was to do the substantially the same work that he does for another company.

13. Van Horn was excited about the possibility of working for Sazerac because it offered more opportunities for him to rise through the corporate ranks, better pay, and better benefits. The Sazerac facility is also closer to where he lives, and since the facility is in Indiana where he resides, he would also pay lower taxes.

14. On or about February 7, 2022, Sazerac contacted Van Horn to schedule an interview.

15. On or about February 10, 2022, Van Horn interviewed for the position with Sazerac by telephone via a video relay service, a free sign language interpreting service.

16. On or about February 15, 2022, a Sazerac human resources manager named Tosin Akinsanya contacted Van Horn to schedule a follow-up interview. During this interview, which also took place via video relay service, Akinsanya asked Van Horn questions about his disability and need for interpreters. Van Horn stated he would need sign language interpreters for meetings.

17. On or about March 22, 2022, Akinsanya stated in an email to Van Hon that Sazerac would not be able to hire Van Horn due to his disability and request for accommodations.

18. That same day, Van Horn responded to Akinsanya's email and asked for more details about why Sazerac believed it could not accommodate him. He reminded Akinsanya that

he already works at a distillery performing the same factory floor job duties and has not had issues with accommodations at his current employer.

19. On or about March 24, 2022, Van Horn and Akinsanya spoke again by video relay service. During this call, Akinsanya told him that Sazerac would not be able to hire him because he is deaf. Akinsanya further stated that Sazerac was concerned that because Van Horn is deaf, he might trip on the factory floor.

20. Van Horn explained that he has OSHA 30 certification and was ready to work with Sazerac. He requested that Sazerac reconsider its refusal to hire him because he is deaf.

21. Since that call, Van Horn has received no response from Sazerac.

22. Since then, Defendants have also refused to consider Van Horn for other positions due to his hearing disability.

23. Van Horn has incurred lost wages including but not limited to back pay and front pay, and benefits and other economic injuries as a result of Defendants' discrimination.

24. Van Horn also suffered emotional damages including humiliation, embarrassment, and frustration in being told that he cannot do particular types of work due to his disability.

25. Van Horn remains interested in working at Sazerac due to the financial benefits of working at Sazerac, the distillery is closer to his home, and there are more opportunities for career advancement.

26. Van Horn timely filed an administrative charge with the Equal Employment Opportunity Commission.

27. On or about September 27, 2023, Van Horn received a right-to-sue letter from the Equal Employment Opportunity Commission. Van Horn has filed this Complaint within 90 days of receiving the right-to-sue letter.

## COUNT I – TITLE I OF THE AMERICANS WITH DISABILITIES ACT

28. The foregoing paragraphs of this Complaint are incorporated herein by reference.

29. Title I of the Americans with the Disabilities Act defines "covered entity" to include an "employer". 42 U.S.C. § 12111(2).

30. Title I states that covered entities may not "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring . . . of employees . . . , and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

31. A covered entity may not undertake actions such as "limiting, segregating, or classifying a job applicant or employee in a way that adversely affects the opportunities or status of such applicant or employee because of the disability of such applicant or employee" or "participating in a contractual or other arrangement or relationship that has the effect of subjecting a covered entity's qualified applicant or employee with a disability to the discrimination prohibited by" Title I. 42 U.S.C. § 12112(b)(1), (2).

32. A covered entity may also not "utilize[e] standards, criteria, or other methods of administration" that "have the effect of discrimination on the basis of disability" or which "perpetuate the discrimination of others who are subject to common administrative control." 42 U.S.C. § 12112(b)(3).

33. A covered entity may not "deny[] employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability, if such denial is based on the

need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee or applicant." 42 U.S.C. § 12112(b)(5)(B).

34. Defendants are employers subject to Title I of the ADA.

35. Van Horn is a qualified individual with a disability.

36. Defendants discriminated against Van Horn, a qualified individual, because he is deaf.

37. Defendants discriminated against Van Horn in refusing to hire Van Horn because he is deaf and requested reasonable accommodations.

38. Defendants discriminated against Van Horn in refusing to provide reasonable accommodations.

39. As a result of Defendants' conduct, Van Horn suffered humiliation, frustration, and emotional damages. Van Horn also suffered lost wages and benefits and other economic injuries.

40. Defendants acted with deliberate indifference to Van Horn' federally protected rights.

41. Defendants acted with malice and reckless indifference for Van Horn' federally protected rights when they withdrew their job offer to Van Horn because he is deaf.

WHEREFORE, Van Horn seeks judgment against Defendants as follows:

A. For a declaratory judgment that Defendants discriminated against Van Horn due to his disability;

B. For an injunction requiring Defendants to implement policies and procedures to ensure that Van Horn and other deaf individuals are fairly considered for positions they are otherwise qualified for;

    C.      For statutory and/or compensatory damages for past and future mental suffering, loss of enjoyment of life, anxiety, humiliation, and emotional distress, and other special and general damages according to proof;

    D.      For back pay, front pay, loss of employment benefits, and all other damages permitted, including both economic and non-economic injuries;

    E.      Punitive damages, against each Defendant;

    F.      For monetary damages, including but not limited to, nominal damages;

    G.      For the costs of suit and reasonable attorneys' fees;

    H.      Interest, including prejudgment interest, at a legal rate; and

    I.      For other such further relief as this Court shall deem just.

**Demand for Jury Trial**

Plaintiff demands a trial by jury with respect to all issues triable of right by jury.

Respectfully submitted,

<u>s/ *S. Coy Travis*</u>
S. Coy Travis
Coy Travis Law
211 East Market Street
New Albany, IN 47150
Tel: (812) 670-5271
coy@coytravislaw.com

Mary C. Vargas*
Michael Steven Stein*
STEIN & VARGAS LLP
10 G Street NE, Suite 600
Washington, DC  20002
Tel: (240) 793-3185
Fax: (888) 778-4620
mary.vargas@steinvargas.com
michael.stein@steinvargas.com

Counsel for Plaintiff

* Pending admission *pro hac vice*.

<u>/s/      *S. Coy Travis*                   </u>
S. Coy Travis

Counsel for Plaintiff